UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEMYON GRINBLAT, *individually and on behalf of all others similarly situated*,

           Plaintiff,

    *v.*

FUTANI 1959 CORP.; BILL WOLF PETROLEUM CORP.; JOHN DOE 1–X; and LIMITED LIABILITY COMPANIES, PARTNERSHIPS, CORPORATIONS 1–X,

           Defendants.

**REPORT AND RECOMMENDATION**
19-CV-7297-DG-SJB

**BULSARA, United States Magistrate Judge:**

    Plaintiff Semyon Grinblat ("Grinblat") alleged that a 7-Eleven and its adjoining parking lot in Woodside, Queens, are inaccessible to people—like himself—with disabilities. (Civil Compl. dated Dec. 31, 2019 ("Compl."), Dkt. No. 1). Grinblat sought injunctive and declaratory relief pursuant to title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12188, compensatory damages under New York State Human Rights Law, N.Y. Exec. Law § 297(9), penalties under New York Civil Rights Law, N.Y. Civ. Rights Law §§ 40-c to -d, and compensatory and punitive damages under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-102, -125. (*Id.* ¶¶ 125, 142, 145, 150, 158, 160–69). He asserted these claims on behalf of himself and on behalf of a putative class of "persons who must use wheelchairs by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by the Defendants." (*Id.* ¶ 32).

    Grinblat passed away on February 13, 2021. (Suggestion of Death dated Mar. 4, 2021, Dkt. No. 19). On March 4, 2021, his counsel moved to stay the case for 90 days under Rule 25 to permit the appointment of a representative for Grinblat's estate and

for that representative to move for substitution of a new lead plaintiff for the putative class. (Mot. to Stay Proceedings dated Mar. 4, 2021 ("Mot."), Dkt. No. 20). On April 7, 2021, this Court issued an Order to Show Cause directing counsel to provide legal authority for the Rule 25 substitution of Grinblat, the exercise of jurisdiction over Grinblat's state claims, and the substitution of a new class representative. (Order to Show Cause dated Apr. 7, 2021). The Court advised that if counsel failed to respond by April 14, 2021, the Court would recommend the action be dismissed. (*Id.*). Grinblat's counsel have failed to respond. For the reasons outlined below, the Court denies the motion to stay and respectfully recommends the action be dismissed.

Rule 25 provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "[W]hether an action created by federal statutory law survives the death of the plaintiff is a matter of federal common law." *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996) (collecting cases); *accord Ex parte Schreiber*, 110 U.S. 76, 80 (1884) ("The personal representatives of a deceased party to a suit cannot prosecute or defend the suit after his death, unless the cause of action, on account of which the suit was brought, is one that survives by law. . . . [I]f the cause of action dies with the person, the suit abates and cannot be revived. Whether an action survives depends on the substance of the cause of action, not on the forms of proceeding to enforce it."). Grinblat sought declaratory and injunctive relief pursuant to title III of the ADA, (Compl. ¶¶ 164–69), the only relief available under this title, *Flint v. Atl. Networks, LLC*, No. 18-CV-5534, 2020 WL 2393803, at *1 (E.D.N.Y. Feb. 28, 2020), *report and recommendation adopted*, Order (May 11, 2020). The ADA claim was extinguished upon Grinblat's death. *Gershanow v. County of Rockland*, No. 11-CV-8174, 2014 WL 1099821, at *4

(S.D.N.Y. Mar. 20, 2014) ("Given that Ms. Gershanow has died, she cannot benefit from ADA-compliant sidewalks, curb ramps and bus stops, and the claims for declaratory and injunctive relief are therefore moot[.]"); *see also Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997); *Grinblat v. Nulife of Brooklyn, LLC*, No. 20-CV-5854, 2021 WL 1193147, at *1 (E.D.N.Y. Mar. 30, 2021) ("Title III ADA claims become moot when the plaintiff dies because the only relief available is injunctive relief, and injunctive relief cannot benefit a deceased plaintiff.") (collecting cases); *Barria v. Yu*, No. 08-CV-908, 2010 WL 2653322, at *1 (S.D. Cal. July 1, 2010) ("Plaintiff Luis Barria's death extinguished his ADA claim . . . and Martha Barria cannot be properly substituted as Plaintiff for this claim."). Because the ADA claim was extinguished, substitution of Grinblat to pursue his individual claim is not possible, and therefore there is no reason to stay the action. *See, e.g.*, *Grinblat v. Nulife of Brooklyn, LLC*, 2021 WL 1193147, at *1.

With the only federal claim is extinguished, there is no longer any federal subject-matter jurisdiction. *Id.*[1] And with no federal subject-matter jurisdiction, the Court lacks supplemental jurisdiction over any state claims. Grinblat asserted that the Court possessed supplemental jurisdiction over his state-law claims. (Compl. ¶ 5). In the

---

[1] The Court has an independent obligation to ensure subject-matter jurisdiction exists. *See Aretakis v. First Fin. Equity Corp.*, No. 14-CV-3888, 2014 WL 5499545, at *2 (E.D.N.Y. Oct. 30, 2014) ("Even without a challenge from any party, federal courts have an independent obligation to determine whether subject matter jurisdiction exists."). Federal courts are empowered only to adjudicate "Cases" and "Controversies." U.S. Const. art. III, § 2; *Carney v. Adams*, 141 S. Ct. 493, 498 (2020). "There is . . . no case or controversy" when a case is moot; that is, "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)); *accord Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021) ("[I]f in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot.").

3

absence of original federal jurisdiction, however, the Court cannot exercise supplemental jurisdiction. *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (holding that a federal court may not exercise supplemental jurisdiction over state-law claims when all federal claims are dismissed for lack of subject-matter jurisdiction); *see, e.g.*, *Flint*, 2020 WL 2393803, at *2.[2] As a result, the Court recommends that Grinblat's individual state-law claims also be dismissed.

The Court also recommends that the class claims be dismissed without prejudice. Grinblat asserted claims on behalf of himself and a putative class. (Compl. ¶¶ 32–41).

Where the claims of the class representative are mooted, with narrow exceptions,[3] the class claims are also moot unless a new class representative appears. That is because, "[a]s a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified." *Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980); *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994) ("[I]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot."); 1 William B. Rubenstein et al., *Newberg on Class Actions* § 2:11 (5th ed. 2020) ("The dominant approach moots the entire class action if the named plaintiff's claims

---

[2] While the parties appear to be diverse, (Compl. ¶¶ 7, 13–14, 19), the Complaint does not assert an amount in controversy greater than $75,000, (*id.* ¶¶ 142, 145). As a result, the Court lacks diversity jurisdiction. 28 U.S.C. § 1332(a)(1); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) ("To ensure that diversity jurisdiction does not flood the federal courts, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.").

[3] For example, where a claim is "capable of repetition, yet evading review," a named plaintiff with a moot individual claim may proceed as a class representative. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398–99 (1980); *see, e.g.*, *Monaco v. Stone*, 187 F.R.D. 50, 60 (E.D.N.Y. 1999).

become moot at any time before *a ruling on class certification*[,] . . . but it is initially important to recognize that this issue may be altogether avoided if there are other class members with live claims who are capable of serving as class representatives and can be substituted for the mooted named plaintiff."); *see, e.g.*, *Murphy v. Best Buy Stores, L.P.*, No. 07-CV-6465, 2020 WL 8461749, at *2 (C.D. Cal. Dec. 21. 2020) (finding the death of the class representative "does not automatically moot the action where a putative class still exists if a proposed intervener could be substituted as named plaintiff"). Although Grinblat's counsel indicated they were "in the process of being engaged by a new lead plaintiff and look[ing] forward to moving forward with a new lead plaintiff named," (Mot. at 2), no such application has been made. Separately, Defendants have sought a premotion conference in anticipation of a Rule 12 motion to dismiss the action for lack of subject-matter jurisdiction. (Letter Mot. for Pre-Mot. Conference dated Mar. 30, 2021, Dkt. No. 22). Grinblat's counsel did not respond either to Defendants' premotion conference letter within the time required by the District Court's rules, Individual Practice Rules of Judge Diane Gujarati III.A.3 ("All parties served with the moving party's pre-motion conference letter are required to serve and file a letter response within five (5) business days of service of the moving party's letter."), or to this Court's Order to Show Cause requesting a justification for substituting a new class representative, despite the warning that failing to respond would result in dismissal.

Based on this record, the Court concludes that no application to intervene is forthcoming and that counsel have abandoned their efforts to prosecute the class action. *Cf. Grinblat v. Speedway LLC*, No. 20-CV-1643, 2021 WL 1146076, at *1 (E.D.N.Y. Mar. 25, 2021) (dismissing putative class action brought by Grinblat under Rule 41(b) following counsel's failures to respond to an order to show cause issued in response to

an identical motion to stay). As a result, the Court respectfully recommends the class claims also be dismissed.

CONCLUSION

For the reasons stated above, the Court respectfully recommends that all claims be dismissed without prejudice, and the Clerk of Court be directed to close the case.[4] And because the Court is recommending dismissal, the motion for a stay is denied. Any objections to the report and recommendation to dismiss this action must be filed with the Clerk of Court within 14 days of the receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

SO ORDERED.

*/s/ Sanket J. Bulsara* April 22, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[4] With respect to Grinblat's individual claims, "when a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss [the] case with prejudice.'" *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (alteration in original) (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)). And with respect to the class claims, the Court recommends that dismissal be likewise without prejudice. *In re Nat'l Austl. Bank Sec. Litig.*, No. 03-CV-6537, 2006 WL 3844463, at *2 (S.D.N.Y. Nov. 8, 2006) ("As a general matter, the lack of a class representative renders a class action moot.").

6